UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

Civil Action No: _____

| | | |
|---|---|---|
| ERIC D. GONZALEZ, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| | ) | |
| HOLLOW ROCK - BRUCETON, | ) | JURY TRIAL DEMANDED |
| SPECIAL SCHOOL DISTRICT, | ) | |
| DR. MYLES HEBRARD, in his official capacity | ) | |
| as SUPERINTENDENT, HOLLOW ROCK – | ) | |
| BRUCETON, SPECIAL SCHOOL DISTRICT, | ) | |
| CHRISTOPHER FINLEY, in his official | ) | |
| capacity as PRINCIPAL, CENTRAL | ) | |
| ELEMENTARY SCHOOL | ) | |
| CARROLL COUNTY CIVIC CENTER, | ) | |
| CARROLL COUNTY, TENNESSEE, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**COMES NOW,** Plaintiff Eric D. Gonzalez, by and through his attorneys, B.K.

LEONARD LAW FIRM, brings this action against Defendants Hollow Rock - Bruceton, Special

School District, Dr. Myles Hebrard in his official capacity as Superintendent of Hollow Rock –

Bruceton, Special School District, Christopher Finley in his official capacity as Principal of

Central Elementary School, Carroll County Civic Center, and Carroll County, Tennessee, and

alleges, on knowledge as to his own actions and otherwise upon information and belief, as

follows:

PRELIMINARY STATEMENT

1. This is a civil rights action arising from discriminatory, harassing, and abusive

treatment of Plaintiff by law enforcement, civic center and school personnel at the scene of a

1

physical incident during school, and afterwards at a public civic center event, including racial profiling remarks and conduct, failure to protect Plaintiff from harassment and assaultive behavior by law enforcement, and related deprivations, brought pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 2000d, and the First and Fourteenth Amendments to the United States Constitution, as well as related claims under state law.

2. Plaintiff seeks compensatory damages in an amount to be determined at trial, punitive damages where permitted by law, declaratory relief, injunctive relief, attorneys' fees and costs, and such other relief as the Court deems just and proper.

**PARTIES**

3. Plaintiff Eric D. Gonzalez ("Plaintiff") is an individual who resides in Carroll County, Tennessee. Plaintiff is a citizen of the State of Tennessee.

4. Upon information and belief, Hollow Rock – Bruceton Special School District, ("Hollow Rock - Bruceton") is a public special school district located at 29590 Broad St, Bruceton, Carroll County, Tennessee.

5. Upon information and belief, Dr. Myles Hebrard, Superintendent ("Hebrard") is an individual who, at all times relevant to this action, served as Superintendent of Hollow Rock - Bruceton Special School District, with an address at 29590 Broad St, Bruceton, Carroll County, Tennessee.

6. Upon information and belief, Christopher Finley, Principal ("Finley") is an individual who, at all times relevant to this action, served as Principal of Central Elementary School, with an address at 29590 Broad St, Bruceton, Carroll County, Tennessee.

2

7. Upon information and belief, Carroll County Civic Center ("Carroll County Civic Center") is a public facility located at 201 Fairgrounds Rd, Huntingdon, County of Carroll, State of Tennessee.

8. Upon information and belief, Carroll County, Tennessee is a governmental entity with its principal offices located in the County of Carroll, State of Tennessee.

9. Hollow Rock - Bruceton, Hebrard, Finley, Carroll County Civic Center, and Carroll County, Tennessee, collectively, are hereinafter referred to as "Defendants."

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution and laws of the United States, including 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 2000d, as well as the First and Fourteenth Amendments to the United States Constitution. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in this district, including but not limited to the alleged discriminatory acts at Hollow Rock-Bruceton Central Elementary School and the Carroll County Civic Center, both located in Carroll County, Tennessee, within the Western District of Tennessee.

## STATEMENT OF FACTS

12. On or about April 28, 2025, A.G., the son of Plaintiff, was present in the gym of Hollow Rock - Bruceton, Central Elementary School.

13. On or about April 28, 2025, T.B., a Caucasian male student, shoved A.G. from behind and shouted, "your fault for being there!"

14. On or about April 28, 2025, T.B., picked up a football and threw it into A. G's face.

15. A.G. took action to defend himself from further bodily harm after being struck by the football.

16. On or about April 28, 2025, Plaintiff was called to Hollow Rock - Bruceton, Central Elementary School to sign a disciplinary action form regarding A.G.

17. The disciplinary action form presented to Plaintiff would have required A.G.to attend "alternative school" for five days.

18. Plaintiff refused to sign the disciplinary action form.

19. After Plaintiff refused to sign the form, Principal Finley directed A.G.to gather his belongings and leave the school.

20. Plaintiff and A.G. left Hollow Rock - Bruceton, Central Elementary School following Principal Finley's directive.

21. On the evening of April 28, 2025, Plaintiff, A.G., J.G. Gonzalez, and Plaintiff's 92-year-old mother attended an Academic and Leadership Banquet at Carroll County Civic Center.

22. The Academic and Leadership Banquet was held to honor students from all elementary schools in Carroll County who demonstrated exceptional academic achievement and leadership.

23. 21. Both A.G. and J.G. were to be recognized at the banquet for their academic achievements.

24. Plaintiff and his family were seated at a table at the Carroll County Civic Center during the banquet.

25. Principal Finley approached Plaintiff and A.G. at their table and directed them to leave the event.

26. Plaintiff asked Principal Finley to explain why he and A.G. were being asked to leave the event.

27. 25. Superintendent Hebrard joined Principal Finley and demanded, without further explanation, that Plaintiff and A.G. leave the event.

28. Superintendent Hebrard stated, "if you want action, we can give you action, otherwise leave now."

29. After this verbal exchange, Plaintiff's 92-year-old mother became frightened.

30. J.G. refused to remain at the event following the demand that Plaintiff and A.G. leave.

31. As a result, A.G. and J.G. were denied the opportunity to receive their awards in the presence of Plaintiff and their grandmother.

32. As Plaintiff and his family proceeded to leave the event, Principal Finley and Superintendent Hebrard walked closely behind Plaintiff and his elderly mother as she struggled to walk with her cane.

33. Plaintiff asked Principal Finley and Superintendent Hebrard to give his mother personal space as she struggled to walk.

34. The actions of Principal Finley and Superintendent Hebrard were witnessed by the attendees of the banquet.

35. Plaintiff and his family experienced humiliation as a result of being escorted out of the event in front of the attendees.

36. Plaintiff and his family suffered the loss of the opportunity to celebrate A.G.and J.G. Gonzalez's academic achievements at the banquet.

## CAUSES OF ACTION

### COUNT ONE
### DISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS
### (42 U.S.C. § 2000D)

37. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36, as if fully set forth herein.

38. Plaintiff, A.G., J.G., and Plaintiff's mother were discriminated against on the ground of race, color, and national origin, as evidenced by the actions of Defendants in excluding Plaintiff and his family from participation in a public event and subjecting them to disparate treatment based on protected characteristics.

39. The discrimination occurred in connection with programs or activities receiving federal financial assistance, specifically Hollow Rock - Bruceton Central Elementary School and the Carroll County Civic Center, both of which are public entities that receive federal funds as part of their operations.

40. The discrimination took the form of exclusion from participation in, denial of benefits of, and being subjected to discrimination under the federally assisted programs, as Plaintiff and his family were denied access to a public event honoring their children and were publicly humiliated and removed from the premises.

41. The discrimination occurred against Plaintiff, a person in the United States, residing in Tennessee.

42. As a direct and proximate result of Defendants' actions, Plaintiff suffered reputational harm, severe emotional distress, loss of enjoyment of life, and other damages arising directly from Defendants' conduct.

43. As a direct result of the negligence of Defendant in retaining and supervising its employees, and condoning their conduct, Defendants acted wantonly, willfully, and in disregard of the protected rights of Plaintiff.

44. By reason of the foregoing, Defendants are liable for compensatory and punitive damages in an amount to be determined at trial, plus interest, attorneys' fees and costs.

45. Plaintiff seeks an injunction prohibiting Defendants from causing or allowing Plaintiff to suffer intentional infliction of emotional distress.

**COUNT TWO**
**VIOLATION OF EQUAL RIGHTS UNDER THE LAW**
**(42 U.S.C. § 1981)**

46. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 45, as if fully set forth herein.

47. Plaintiff is a member of a protected racial class, Latino American, and was subjected to intentional discrimination based on race by Defendants, as evidenced by the exclusion from a public event and disparate treatment compared to similarly situated individuals, who are not of Plaintiff's race, color, or national origin,  and thus outside Plaintiff's protected class.

48. The discrimination concerned activities enumerated in § 1981, specifically the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship, as Plaintiff and his family were denied the benefit of attending and participating in a paid public event honoring their children.

49. As a direct and proximate result of Defendants' actions, Plaintiff suffered reputational harm, severe emotional distress, loss of enjoyment of life, and other damages arising directly from Defendants' conduct.

50. As a direct result of the negligence of Defendant in retaining and supervising its employees, and condoning their conduct, Defendants acted wantonly, willfully, and in disregard of the protected rights of Plaintiff.

51. By reason of the foregoing, Defendants are liable for compensatory and punitive damages in an amount to be determined at trial, plus interest, attorneys' fees and costs.

52. Plaintiff seeks an injunction prohibiting Defendants from causing or allowing Plaintiff to suffer intentional infliction of emotional distress.

**COUNT THREE**
**SECTION 1983 – CIVIL ACTION FOR DEPRIVATION OF RIGHTS**
**(42 U.S.C. § 1983)**

53. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 52, as if fully set forth herein.

54. Defendants, acting under color of state law, deprived Plaintiff of rights secured by the Constitution and laws of the United States, including but not limited to rights protected by the First and Fourteenth Amendments, by intentionally discriminating against Plaintiff and excluding him and his family from participation in a public event.

55. As a direct and proximate result of Defendants' actions, Plaintiff suffered reputational harm, severe emotional distress, loss of enjoyment of life, and other damages arising directly from Defendants' conduct.

56. As a direct result of the negligence of Defendant in retaining and supervising its employees, and condoning their conduct, Defendants acted wantonly, willfully, and in disregard of the protected rights of Plaintiff.

57. By reason of the foregoing, Defendants are liable for compensatory and punitive damages in an amount to be determined at trial, plus interest, attorneys' fees and costs.

58. Plaintiff seeks an injunction prohibiting Defendants from causing or allowing Plaintiff to suffer intentional infliction of emotional distress.

## COUNT FOUR
## VIOLATION OF PRIVILEGES AND IMMUNITIES
### (U.S. CONST. AMEND. XIV, § 1)

59. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 58, as if fully set forth herein.

60. Plaintiff is a citizen of the United States and a resident of Tennessee, and alleges that Defendants, acting under color of state law, deprived him of fundamental privileges and immunities protected by the Fourteenth Amendment by denying him and his family equal access to public events and benefits available to other residents.

61. As a direct and proximate result of Defendants' actions, Plaintiff suffered reputational harm, severe emotional distress, loss of enjoyment of life, and other damages arising directly from Defendants' conduct.

62. As a direct result of the negligence of Defendant in retaining and supervising its employees, and condoning their conduct, Defendants acted wantonly, willfully, and in disregard of the protected rights of Plaintiff.

63. By reason of the foregoing, Defendants are liable for compensatory and punitive damages in an amount to be determined at trial, plus interest, attorneys' fees and costs.

64. Plaintiff seeks an injunction prohibiting Defendants from causing or allowing Plaintiff to suffer intentional infliction of emotional distress.

## COUNT FIVE
## FIRST AMENDMENT VIOLATIONS
### (U.S. CONST. AMEND. I)

65. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 64, as if fully set forth herein.

66. Defendants, acting under color of state law, deprived Plaintiff of rights secured by the First Amendment, including the right to freedom of assembly and to petition for redress of grievances, by excluding Plaintiff and his family from a public event and retaliating against them for objecting to discriminatory treatment.

67. As a direct and proximate result of Defendants' actions, Plaintiff suffered reputational harm, severe emotional distress, loss of enjoyment of life, and other damages arising directly from Defendants' conduct.

68. As a direct result of the negligence of Defendant in retaining and supervising its employees, and condoning their conduct, Defendants acted wantonly, willfully, and in disregard of the protected rights of Plaintiff.

69. By reason of the foregoing, Defendants are liable for compensatory and punitive damages in an amount to be determined at trial, plus interest, attorneys' fees and costs.

70. Plaintiff seeks an injunction prohibiting Defendants from causing or allowing Plaintiff to suffer intentional infliction of emotional distress.

## COUNT SIX
## NEEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

71. PLAINTIFF repeats and realleges paragraphs 1 through 70, hereof, as if fully set forth herein.

72. Defendants had a duty to allow Plaintiff and his family to attend a public event, without interference, to the same extent as other patrons who were outside of Plaintiff's protected class.

73. Defendants breached that duty by failing to do so, due to their removing Plaintiff and his family from the public event, in violation of their constitutional rights.

74. As a direct cause of Defendants' conduct removing Plaintiff and his family from a public event, by subjected them to disparate treatment from other patrons outside of their protected class.

75. As a result of the actions of the Defendants, Plaintiff suffered extreme emotional injury. Furthermore, the Defendants' breach of duty actually and proximately caused Plaintiff, severe emotional distress and mental anguish.

76. As a result of such emotional distress, Plaintiff has or will have to seek the services of healthcare professionals to treat his conditions. *See Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235 (2015).

77. Defendant Caroll County is liable to Plaintiff by virtue of the ultimate decision-maker, as the Sheriff or County Mayor's ratification of their conduct and their failure to stop or remedy the conduct of removing Plaintiff and his family from a public event, or sufficiently discipline them for the same against the Plaintiff, or that Caroll County showed deliberate indifference to the conduct of removing Plaintiff and his family, based on prior instances of unconstitutional conduct, pursuant to *Miller v. Sanilac County*, 606 F.3d 240 (2010).

78. Since this claim is for Negligent Infliction of Emotional Distress ("NIED"), this claim is not subject to the Tennessee Government Tort Liability Act ("TGLTA") Tenn. Code Ann. § 29-20-205(2), pursuant to *Adams v. Diamond*, No. 3:18-CV-00976, 2019 WL 314569, at *4 (M.D. Tenn. Jan. 24, 2019) (*quoting*, *Sallee v. Barrett*, 171 S.W.3d 822, 826 (Tenn. 2005).

79. Accordingly, PLAINTIFF suffered damages because of Defendants' unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

80. Defendants intentionally violated PLAINTIFF's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, and related state law claims, with malice or reckless indifference, and, as a result, are liable for punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Eric D. Gonzalez respectfully requests that this Court:

A.      Declare that the actions of Hollow Rock - Bruceton, Central Elementary School, Dr. Myles Hebrard, Superintendent, Christopher Finley, Principal, Carroll County Civic Center, and Carroll County, Tennessee violated Plaintiff's rights under 42 U.S.C. § 2000d, 42 U.S.C. § 1981, 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution, and the laws of the State of Tennessee, as set forth in the Complaint.

B.      Enjoin Hollow Rock - Bruceton, Central Elementary School, Dr. Myles Hebrard, Superintendent, Christopher Finley, Principal, Carroll County Civic Center, and Carroll County, Tennessee from engaging in further acts of discrimination, retaliation, or denial of equal protection or privileges and immunities on the basis of race, color, or protected activity, and require the implementation of policies and training to prevent such conduct in the future.

C.      Award Plaintiff Eric D. Gonzalez compensatory damages against Hollow Rock - Bruceton, Central Elementary School, Dr. Myles Hebrard, Superintendent, Christopher Finley, Principal, Carroll County Civic Center, and Carroll County, Tennessee in an amount to be determined at trial for humiliation, emotional distress, loss of enjoyment of life, and other non-economic and economic losses suffered as a result of Defendants' conduct.

D.      Award Plaintiff Eric D. Gonzalez punitive damages against Dr. Myles Hebrard,

Superintendent, and Christopher Finley, Principal, to the extent permitted by law, for their willful

and malicious conduct in depriving Plaintiff of his rights.

E.      Award Plaintiff Eric D. Gonzalez reasonable attorneys' fees, expert witness fees,

and costs of suit pursuant to 42 U.S.C. §§ 1988, 2000d-7, and other applicable law.

F.      Award Plaintiff Eric D. Gonzalez pre-judgment and post-judgment interest as

allowed by law.

G.      Grant such other and further relief as the Court deems just and proper.

## PRAYER FOR JURY TRIAL

H.      Plaintiff respectfully demands a trial by jury on all issues so triable.

Dated: February 26, 2026

Morrisville, North Carolina

> Respectfully submitted,
>
> By: /s Brian K. Leonard
> Brian K. Leonard
> Bar Number: P0225522
> bleonard@civilrightsappellatelawyer.com
> B.K. Leonard Law Firm
> 11010 Lake Grove Blvd.
> Suite 100-425
> Morrisville, NC  27560
> 9842127737
> Attorneys for Plaintiff Eric D. Gonzalez

## VERIFICATION

STATE OF TENNESSEE        )

                                       ) ss.:

COUNTY OF CARROLL        )

ERIC D. GONZALEZ, being duly sworn, deposes and says that I am the Plaintiff in the case captioned *ERIC D. GONZALEZ v. HOLLOW ROCK - BRUCETON, SPECIAL SCHOOL DISTRICT, DR. MYLES HEBRARD, in his official capacity as SUPERINTENDENT of HOLLOW ROCK - BRUCETON, SPECIAL SCHOOL DISTRICT, CHRISTOPHER FINLEY, in his official capacity as PRINCIPAL OF CENTRAL ELEMENTARY SCHOOL, CARROLL COUNTY CIVIC CENTER, AND CARROLL COUNTY, TENNESSE,,* in the United States District Court for the Western District of Tennessee and have authorized the filing of this complaint. I have reviewed the allegations made in the complaint, and to those allegations of which I have personal knowledge, I believe them to be true. As to those allegations of which I do not have personal knowledge, I rely on crash photos, police reports, a badge number, bank statement, and I believe them to be true.

_____

ERIC D. GONZALEZ

Sworn to me this 23rd day of February , 20 2u

_____

Notary Public



14