IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ERIC D. GONZALEZ., <br><br> *Plaintiff*, <br><br> v. <br><br> HOLLOW ROCK-BRUCETON, SPECIAL SCHOOL DISTRICT, DR. MYLES HEBRARD, in his official capacity as SUPERINTENDENT, HOLLOW ROCK-BRUCETON, SPECIAL SCHOOL DISTRICT, CHRISTOPHER FINLEY, in his official capacity as PRINCIPAL, CENTRAL ELEMENTARYSCHOOL CARROLL COUNTY CIVIC CENTER, CARROLL COUNTY, TENNESSEE, <br><br> *Defendants*. | No. 1:26-cv-02199-STA-jay |

MEMORANDUM IN SUPPORT OF DEFENDANTS CARROLL COUNTY, TENNESSEE AND CARROLL COUNTY CIVIC CENTER'S MOTION TO DISMISS

Defendants Carroll County, Tennessee and "Carroll County Civic Center," ("Defendants"), by and through undersigned counsel, file this memorandum of law in support of Defendants' motion to dismiss.

## BACKGROUND

Plaintiff claims that on April 28, 2025, Plaintiff's son, A.G., was in the gymnasium at Hollow Rock-Bruceton Central Elementary School when a Caucasian male student shoved A.G. from behind and told A.G. it was "[his] fault for being there." (ECF No. 1, ¶¶ 12-13). The student then picked up a football and threw it at A.G.'s face. (ECF No. 1, ¶ 14). In response, A.G. "took action to defend himself" after he was struck by the football. (ECF No. 1, ¶ 15). As a result, Principal Finely called Plaintiff to the school to sign A.G.'s disciplinary action form requiring

A.G. to attend five days of "alternative school." (ECF No. 1, ¶¶ 16-17). Plaintiff refused to sign the form so Principal Finley asked A.G. to leave the school. (ECF No. 1, ¶¶ 18-19).

That evening, A.G. and "J.G. Gonzalaz" were allegedly being honored at a banquet for all Carroll County elementary students who demonstrated exceptional academic achievement. (ECF No. 1, ¶¶ 21-22). Plaintiff attended the banquet with A.G. and J.G., along with Plaintiff's 92-year-old mother. (ECF No. 1, ¶ 21). The banquet was held at the Carroll County Civic Center. (ECF No. 1, ¶ 21). Sometime during the event, Principal Finely and Superintendent Hebrard directed Plaintiff and A.G. to leave the event. (ECF No. 1, ¶¶ 25-27). Plaintiff claims that Superintendent Hebrard stated, "if you want action, we can give you action, otherwise leave now," which allegedly caused Plaintiff's mother to become frightened. (ECF No. 1, ¶¶ 28-29). Principal Finley and Superintendent Hebrard then escorted them out of the event. (ECF No. 1, ¶ 32).

Plaintiff brings this federal lawsuit because he was forced to leave the banquet and asserts claims under a variety of federal and state theories. None should survive against these Defendants.

**STANDARD**

A court may grant a motion to dismiss for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Erie County, Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. This standard demands that the factual allegations "raise a right to relief above the speculative level" and "nudge[] the[] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

I. "CARROLL COUNTY CIVIC CENTER" IS NOT A SUABLE ENTITY.

The Court should dismiss "Carroll County Civic Center" because it is a building – not a separate suable entity from Carroll County. (ECF No. 1 ¶ 7 (alleging that Carroll County Civic Center is a "public facility")). Liability under 42 U.S.C. § 1983 may only attach to "persons." *See Alkire v. Irving*, 330 F.3d 802, 814 (6th Cir. 2003). A building within a local government is not a "person" for purposes of the statute. *See Bell v. Shelby County*, 2006 U.S. Dist. LEXIS 92205, *1 n. 1 (W.D. Tenn. 2006) (Shelby County Justice Center is a building and not a suable entity); *Shoemaker v. Greene County Det. Ctr*., 2007 U.S. Dist. LEXIS 54427, *1 (E.D. Tenn. July 26, 2007) (detention center is a building and not suable under § 1983); *Cage v. Kent County Correctional Facility,* 1997 U.S. App. LEXIS 10002, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (a jail is not a suable entity).

Because "Carroll County Civic Center" is a building, it is not a "person" who can be sued under 42 U.S.C. § 1983. Indeed, it is not a suable entity. Accordingly, Plaintiff's claims against "Carroll County Civic Center" should be dismissed.

II. CARROLL COUNTY, TENNESSEE, IS A SEPARATE ENTITY FROM HOLLOW ROCK-BRUCETON SPECIAL SCHOOL DISTRICT.

Under Tennessee law, "school systems are separate from the county governments" because the entities have "separate origins, functions, and management." *Rollins v. Wilson Cty. Gov't*, 154 F.3d 626, 630 (6th Cir. 1998); s*ee also Bd. of Educ. v. Memphis City Bd. of Educ.*, 911 F. Supp. 2d 631, 644 (W.D. Tenn. 2012); *Howard v. Knox Cty.*, 2016 U.S. Dist. LEXIS 195637, at *15 (E.D. Tenn. Sep. 7, 2016). School systems arose from the Tennessee Constitution, whereas counties derive from state statutes. *Rollins*, 154 F. 3d at 627. "The school systems follow uniform education standards, whereas the counties have no such state mandate." *Id.* And while "the county

governments approve the school systems' funding, different officials administer each entity." *Id.* For example, "a county school board and superintendent manage the school system without input from other county officials." *Id.*, *see also State ex rel. Weaver v. Ayers*, 756 S.W.2d 217, 221-22 (Tenn. 1988) (noting that the county government controls funding, but that "the local board of education has exclusive control over many operational aspects of education policy"); *City of Harriman v. Roane County*, 553 S.W.2d 904, 908 (Tenn. 1977) ("public education is essentially a state, rather than a county or municipal, function"). *See also Rollins v. Wilson County Gov't*, 967 F. Supp. 990, 996-97 (M.D. Tenn. 1997) (tracing differences).

Because school systems are separate from counties, allegations against school system employees *do not* implicate a county. Here, Plaintiff makes allegations concerning actions taken by Principal Finley and Superintendent Hebrard – both employees of Hollow Rock–Bruceton. And based upon their alleged actions, Plaintiff brings a plethora of claims against Carroll County. But in doing so, Plaintiff asserts no facts demonstrating that any *Carroll County* official took an unlawful action or otherwise violated Plaintiff's rights. Thus, Plaintiff fails to state a claim against Carroll County.

## III. PLAINTIFF CANNOT BRING CLAIMS UNDER 42 U.S.C. § 1981 AGAINST THESE DEFENDANTS.

Plaintiff cannot bring a 42 U.S.C. § 1981 claim against these Defendants. The express cause of action for damages created by 42 U.S.C. § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units. *Arendale v. City of Memphis*, 519 F.3d 587, 598-599 (6th Cir. 2008). In other words, no independent cause of action exists under 42 U.S.C. § 1981 against governmental entities. *Id.* As a result, the Sixth Circuit and district courts within the Sixth Circuit consistently dismiss § 1981 claims brought against state and local governmental entities. *See e.g. Direct Constr. Servs., LLC v. City of Detroit*, 820 Fed. App'x.

417, 427-428 (6th Cir. July 23, 2020); *Wallace v. The MetroHealth System*, 2013 U.S. Dist. LEXIS 151555, 2013 WL 5739705 at * 9-10 (N.D. Ohio Oct. 22, 2013); *Chung v. Berkman*, 2013 U.S. Dist. LEXIS 120919, 2013 WL 4523513 at * 5 (N.D. Ohio Aug. 26, 2013); *Garceau v. City of Flint*, 2013 U.S. Dist. LEXIS 159479, 2013 WL 5954493 at * 4 - 5 (E.D. Mich. Nov. 7, 2013); *Jones v. City of Franklin*, 2010 U.S. Dist. LEXIS 60344, 2010 WL 2507771 at * 12 (M.D. Tenn. June 18, 2010).

Accordingly, Plaintiff's 42 U.S.C. § 1981 claim must be dismissed.

## IV. Plaintiff fails to plead sufficient facts to state a claim against these Defendants under any theory of law.

In order to survive a motion to dismiss, a plaintiff must allege sufficient factual allegations to state a facially plausible claim for relief. *Erie County, Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012). "A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Delbridge v. Tennessee*, 2024 U.S. Dist. LEXIS 184531, at *6 (M.D. Tenn. Oct. 8, 2024) (citing *Iqbal*, 556 U.S. at 678). Importantly, "'bare assertions,' formulaic recitation of the elements, and 'conclusory' or 'bald' allegations" are not sufficient to survive a motion to dismiss. *Patterson v. City of Clarksville*, 2025 U.S. Dist. LEXIS 215039, at *8 (M.D. Tenn. Oct. 31, 2025) (quoting *Iqbal*, 556 U.S. at 678).

It is a basic pleading requirement that a plaintiff must attribute specific factual allegations to particular defendants. *Alghusain v. Nemeth*, 2021 U.S. Dist. LEXIS 168540, at *13 (N.D. Ohio Sep. 7, 2021) (citing *Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim)). Thus, making allegations against defendants by lumping them together fails to state a claim against them. *See e.g.*, *Kurek v. Ohio Dept. of Dev. Disabilities*, 2017 U.S. Dist. LEXIS 65473, at *15-16 (N.D. Ohio

Jan. 20, 2017) ("[C]onclusory allegations of collective, unspecified, and undifferentiated wrongdoing is not sufficient [as] vaguely lump[ing] all defendants together without providing any factual allegations that specify separate acts fails to satisfy the *Iqbal/Twombly* standard."); *Grant v. WMC Mortg. Corp.*, 2010 U.S. Dist. LEXIS 68880, 2010 WL 2509415, *3 (E.D. Cal. 2010) (complaint that "lumps all defendants together is plainly insufficient under the pleading requirements of Federal Rule of Civil Procedure 8."). In other words, a complaint that fails to allege specific actions against the specific defendants fails to meet the notice requirements of Rule 8(a). *Heinz v. HSBC Mortg. Servs., Inc.*, 2021 U.S. Dist. LEXIS 203680, at *6-7 (N.D. Ohio Oct. 22, 2021) (citing *Phillips v. Ballard*, 2019 U.S. Dist. LEXIS 93206, 2019 WL 2359571, at *21 (E.D. Ky. June 4, 2019)). Here, Plaintiff asserts multiple claims against these Defendants, but asserts no facts to plausibly support them.

Plaintiff brings a 42 U.S.C. § 2000d claim, but asserts no facts to show that Carroll County discriminated against Plaintiff. Per 42 U.S.C. § 2000d, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. While Plaintiff generally alleges that "Defendants" discriminated against Plaintiff due to "race, color, and national origin," he asserts no facts whatsoever to plausibly support the conclusion (1) that Defendants took actions against him because of his "race, color, and national origin," or (2) that *Carroll County* took any action whatsoever to do so.

Plaintiff also brings a 42 U.S.C. § 1983 claim (and other constitutional rights violation claims), but fails to plead sufficient facts to demonstrate that Carroll County violated his constitutional rights. A governmental entity cannot be held liable under 42 U.S.C. § 1983 solely

on a *respondeat superior* theory. *Monell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658, 692 (1978). To satisfy *Monell's* requirements, a plaintiff must "identify the policy, connect the policy to the municipality itself, and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993).

"A broad assertion that an unconstitutional policy exists is nothing more than a bare recitation of legal standards." *See e.g.*, *Osberry v. Slusher*, 750 F. App'x 385, 398 (6th Cir. 2018). Likewise, district courts in this circuit "have repeatedly granted Rule 12(b)(6) motions on *Monell* claims where, as here, plaintiffs have made no more than bald assertions that their rights were violated pursuant to a policy, practice, or custom of a municipality." *Alexander v. Byrd*, 2014 U.S. Dist. LEXIS 151465, at *11-12 (W.D. Tenn. Oct. 24, 2014) (citing *Minick v. Metro. Gov't of Nashville*, 2014 U.S. Dist. LEXIS 106475, 2014 WL 3817116, at *2 (M.D. Tenn. Aug. 4, 2014); *Morris v. City of Memphis*, 2012 U.S. Dist. LEXIS 120833, 2012 WL 3727149, at *3 (W.D. Tenn. Aug. 27, 2012) ("Plaintiff's claims regarding Defendant's custom, policy, or practice concerning the misbehavior of the rank and file of its police force amount to legal conclusions unaccompanied by additional factual assertions. Thus, Plaintiff's allegations simply recite the elements of a § 1983 claim."). Here, Plaintiff asserts no facts to support any suggestion that any Carroll County policy, custom, or procedure led to a constitutional rights violation. Again, Plaintiff asserts that Hollow-Creek officials acted unlawfully – *not* Carroll County officials. And Plaintiff's lone conclusory allegation that either the County Sheriff or Mayor ratified the alleged unlawful acts falls well short of *Iqbal* and *Twombly's* plausibility requirement because (1) Plaintiff asserts no *facts* to support such a conclusion, and (2) the actions allegedly taken were taken by non-county officials so they could not act as a "ratifying" supervisors of a subordinate. (ECF No. 1, ¶ 77).

Lastly, Plaintiff brings a "negligent infliction of emotional distress" claim under Tennessee law. But again, Plaintiff asserts no facts to assert a conclusion that any Carroll County official acted negligently, and thus, provides no basis to bring such a claim.

**CONCLUSION**

Based upon the foregoing and the entire record in this cause, Plaintiff's claims against Defendants Carroll County, Tennessee and "Carroll County Civic Center" should be dismissed in their entirety.

Respectfully submitted,

PENTECOST, GLENN & TILLY, PLLC

By: s/Nathan D. Tilly
Nathan D. Tilly (#031318)
*Attorney for Defendants, Carroll County, Tennessee and Carroll County Civic Center*
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
(731) 668-5995 – Telephone
(731) 668-7163 – Facsimile
ntilly@pgtfirm.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Dismiss was served via US District Court ECF system and/or U.S. Mail postage prepaid upon:

Brian K. Leonard
B.K. Leonard Law Firm
11010 Lake Grove Blvd.
Suite 100-425
Morrisville, NC 27560

DATE: On this the 15th day of April, 2026.

PENTECOST, GLENN & TILLY, PLLC

By: s/Nathan D. Tilly__
Nathan D. Tilly