THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
No. 1:26-cv-02199-STA-jay

ERIC D. GONZALEZ,                          )
                                           )
            Plaintiff(s)                   )
                                           )
      v.                                   )
                                           )           **PLAINTIFF'S RESPONSE IN**
HOLLOW ROCK-BRUCETON, SPECIAL              )           **OPPOSITION TO CARROLL**
SCHOOL DISTRICT, DR. MYLES                 )           **COUNTY CIVIC CENTER AND**
HEBRARD, in his official capacity as       )           **CARROLL COUNTY,**
SUPERINTENDENT, HOLLOW ROCK-               )           **TENNESSEE'S**
BRUCETON, SPECIAL SCHOOL                   )           **MOTION TO DISMISS**
DISTRICT, CHRISTOPHER FINLEY,              )
in his official capacity as PRINCIPAL,     )
CENTRAL ELEMENTARYSCHOOL                    )
CARROLL COUNTY CIVIC CENTER,               )
CARROLL COUNTY, TENNESSEE,                  )
            Defendant(s)                   )
                                           )

     **COMES NOW** Plaintiff, Eric D Gonzalez, by and through the undersigned counsel, and

hereby submits this Memorandum of Law in Opposition to the Motion to Dismiss filed by

Defendant CARROLL COUNTY, TENNESSEE ("Defendant County") and CARROLL

COUNTY CIVIC CENTER ("Defendant Civic Center") (collectively "Defendants"). For the

reasons set forth below, the Motion to Dismiss should be denied.

## INTRODUCTION

Defendants' Motion to Dismiss is predicated on the assertion that Plaintiff has failed to

state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil

Procedure. Here, Plaintiff's Complaint sufficiently alleges claims under 42 U.S.C. 1981, and 42

U.S.C 1983, 42 U.S.C. § 2000d, the First and Fourteenth Amendments to the United States

Constitution, as well as other applicable laws. Plaintiff's allegations, when taken as true, establish a plausible basis for relief, and the Motion to Dismiss should be denied.

## FACTUAL BACKGROUND

On the evening of April 28, 2025, Plaintiff, his children and Plaintiff's 92-year-old mother attended an Academic and Leadership Banquet at Carroll County Civic Center. ECF [1] at ¶ 21. The Academic and Leadership Banquet was held to honor students from all elementary schools in Carroll County who demonstrated exceptional academic achievement and leadership. ECF [1] at ¶ 22. Principal Christopher Finley ("Principal Finley") approached Plaintiff and one of his children. at their table and directed them to leave the event. ECF [1] at ¶25. Superintendent Dr. Myles Hebrard ("Superintendent Hebrard") joined Principal Finley and demanded, without further explanation, that Plaintiff and one of his children leave the event. ECF [1] at ¶ 27. Superintendent Hebrard stated, "if you want action, we can give you action, otherwise leave now." ECF [1] at ¶28. After this verbal exchange, Plaintiff's 92-year-old mother became frightened. ECF [1] at ¶ 29. Plaintiff's other child refused to remain at the event following the demand that Plaintiff and his other child leave. ECF [1] at ¶ 30. As a result, both of Plaintiff's children were denied the opportunity to receive their awards in the presence of Plaintiff and their grandmother. ECF [1] at ¶ 31. As Plaintiff and his family proceeded to leave the event, Principal Finley and Superintendent Hebrard walked closely behind Plaintiff and his elderly mother as she struggled to walk with her cane. ECF [1] at ¶ 32.  Plaintiff asked Principal Finley and Superintendent Hebrard to give his mother personal space as she struggled to walk. ECF [1] at ¶ 33. The actions of Principal Finley and Superintendent Hebrard were witnessed by the attendees of the banquet. ECF [1] at ¶ 34. Plaintiff and his family experienced humiliation as a result of being escorted out of the event in front of the attendees. ECF [1] at ¶ 35. Plaintiff and

his family suffered the loss of the opportunity to celebrate children's academic achievements at the banquet. ECF [1] at ¶36.

## STANDARD OF REVIEW

When reviewing a motion to dismiss under Rule 12(b)(6), courts "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (*quoting, Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)(internal citations omitted).

## LEGAL ARGUMENT

## I. DEFENDANT CIVIC CENTER IS A VALID LEGAL ENTITY TO BE SUED

While the Carroll County Civic Center may be a physical building, it functions as a public facility operated by Carroll County and may be considered a legal entity for purposes of this lawsuit. Defendants argue that Defendant Civic Center should be dismissed as a defendant because it is merely a building, cannot be sued as an entity under 42 U.S.C. § 1983 (§ 1983).

However, the Sixth Circuit established that municipal liability under § 1983 requires courts to first determine whether the plaintiff asserted deprivation of a constitutional or federal right and second whether the defendant caused that deprivation while acting under color of state law. *See Powers v. Hamilton County Public Defender Com'n*, 501 F.3d 592 (2007); *see also Hall v. Navarre*, 118 F.4th 749 (2024) (Holding that to demonstrate a First Amendment retaliation claim against a government official, a plaintiff must show that the First Amendment protected his activity, that the official took adverse action against him, and that there was a causal connection between the protected activity and adverse conduct); *see also Deffert v. Moe,* 111

3

F.Supp.3d 797 (2015)(Holding that to prevail on a § 1983 claim, a plaintiff must prove violation of a right secured by the Constitution or laws of the United States and show that the deprivation was committed by a person acting under color of state law. The court confirmed that § 1983 provides a right of action against every person acting under color of law who causes deprivation of constitutional rights).

Furthermore, the Sixth Circuit has held that a city violated a street preacher's First Amendment rights by enforcing the arts festival organizer's content-based exclusion of him from a public street during a non-exclusive permitted event. *See Parks v. City of Columbus*, 395 F.3d 643 (2005). Because the festival remained free and open to the public, the street retained its traditional public forum character and the city's practice of allowing private organizers unfettered exclusion authority supported *Monell* liability. *Id.*  In addition, the Sixth Circuit reversed the district court and held that Fairborn's solicitation policy at a public festival in a public park violated the First Amendment because it was not narrowly tailored. *See Bays v. City of Fairborn,* 668 F.3d 814 (2012). The Court found that the city had not pointed to specific crowd or space concerns, and its blanket ban on soliciting causes outside booth spaces was overbroad relative to any legitimate interest. *Id.*

Here, the Complaint alleges the removal of Plaintiff and his children from Defendant Civic Center, which allowed their removal from a public event. ECF [1] at ¶¶ 25-29; 31-35. Thus, applying *Parks* and *Bays*, Defendant Civic Center engaged in state action by allowing the removal of the Plaintiff and his family from the banquet at its facility, exposing the individual defendants, the Defendant County, as a municipality, and the Defendant Civic Center to § 1983 liability.  The cases cited by Defendant primarily involve detention facilities, which are different

4

in function and operation from a civic center, which is involved in the facts this case. ECF [13-1] at ¶ I.

In addition, the Complaint alleges that the Defendant Civic Center is a public facility, and that Plaintiff and his family were removed from the Defendant Civic Center while at public event. ECF [1] at ¶ 2, 7. Courts have held that state action for § 1983 purposes can be found under the public function test even where the state is merely approving or acquiescing in private action, provided the private entity exercises powers traditionally exclusively reserved to the state. *See Reeners v. Jouvence*, 2026 WL 286127 (2026). Accordingly, the fact that the Defendant Civic Center owns and controls the public event from which Plaintiff and his family were removed and did not prevent their removal by the individual Defendants Superintendent Hebrard and Principal Finley, is sufficient to meet the public function test and hold the Defendant Center liable under § 1983. Also, the Complaint alleges that the public event was to recognize school students including the Plaintiff's children for academic achievement. ECF [1] at ¶¶ 25-29. The Complaint also alleges that Defendants Superintendent Hebrard and Principal Finley, school district officials, as the Superintendent and Principal, respectively, forced the removal of Plaintiff, his children and his elderly mother from the public banquet at the Defendant Civic Center. ECF [1] at ¶¶ 25-29; 31-35.

Courts have held that local school districts are political subdivisions that may not assert Eleventh Amendment immunity from § 1983 actions and are 'persons' subject to suit under § 1983. *See Green v. Nicholas County School Dist.,* 756 F.Supp.2d 828 (2010). Accordingly, as officials of the local school district, who removed Plaintiff, his children, and his elderly mother from the public event at Defendant Civic Center, they, and the Defendant Civic Center are all liable for the Plaintiffs claims under § 1983. Moreover, as either an independent public facility,

or county-owned facility, the Defendant Civic Center is municipality and can be sued pursuant to § 1983. *See Brent v. Wayne County Department of Human Services,* 901 F.3d 656 (2018) (Holding that municipalities and municipal agencies generally do not receive Eleventh Amendment immunity and remain subject to § 1983 liability). Moreover, to the extent that Defendant Civic Center argues that it is not a legal entity subject to § 1983 liability, courts in the Sixth Circuit have held that a private entity may be deemed a state actor for § 1983 purposes where the private entity imposes rules on a state entity and the state entity follows those rules and is powerless to reject them. *See Craft v. Vanderbilt University*, 18 F.Supp.2d 786 (1998); *see also Vance v. Billingsly,* 487 F.Supp. 439 (1980) (holding that a private citizen could be held liable under § 1983 where the under-color-of-law prong was based on concert of action between the private defendant and public defendants). Accordingly, the intersection of the public-school officials removing Plaintiff and his family along with the Defendant Civic Center and facility where they were removed therefrom is sufficient to enable Defendant Civic Center to remain liable under § 1983. *See id.*

In the present case, the Defendant Civic Center operates with dedicated staff, budget, and management that make decisions affecting public access and use.  ECF [1] at ¶¶ 2, 7. The Sixth Circuit has held that closing a city council meeting violated the First Amendment and Ohio's Sunshine Law, establishing that public access to government meetings is constitutionally protected. *See WJW-TV, Inc. v. City of Cleveland,* 878 F.2d 906 (1989). In the same way by closing Plaintiff and his family off from the public event at its public facility, Defendant Civic Center cannot escape liability under § 1983. Furthermore, the Complaint alleges that the incident occurred at this facility during an official event, making it an appropriate party to the action as the venue where the alleged constitutional violations took place. ECF [1] at ¶¶ 25-27, 30, 32, 35.

In *City of Cleveland v. Nation of Islam,*, the court held that refusing to rent a city convention center to a religious organization for an event would violate First Amendment rights, even though the city as lessor would not be liable if the lessee violated public accommodation laws. 922 F.Supp. 56 (199). The court recognized that a public facility's denial of access for a public event can constitute a First Amendment violation *Id*. Therefore, here as in *City of Cleveland*, *WJW-TV, Inc., Vance, Brent,* and *Craft supari,* Defendant Civic Center remains liable under § 1983 for denial of Plaintiff and his family access to a public event, and allowing them to be removed from that public event. Accordingly, Defendants' Motion to Dismiss Plaintiff's claims on this ground must be denied.

## II. CARROLL COUNTY IS SUBJECT TO LIABILITY BECAUSE THE ALLEGED VIOLATIONS OCCURRED AT A COUNTY-OWNED FACILITY WHERE COUNTY OFFICIALS HAD CONTROL OVER EVENTS

While Tennessee law does recognize separation between school systems and county governments, this case presents unique circumstances where the alleged violations occurred not at the school but at the Carroll County Civic Center, a county facility. Defendants argue that Hollow Rock cannot create liability for Carroll County.  However, the United States Supreme Court held that actions taken under color of a local government's law, custom, or usage constitute state action for purposes of § 1983 liability because local governments are subdivisions of the State. *See Lindke v. Freed,* 601 U.S. 187 (2024). Moreover, the Sixth Circuit has held that an attendee at a public event sufficiently alleged that a commissioner's conduct constituted an adverse action supporting a First Amendment retaliation claim and that the alleged adverse action would deter a person of ordinary firmness from exercising First Amendment rights. *See MacIntosh v. Clous*, 69 F.4th 309 (2023). The Sixth Circuit has also addressed a case where street preachers alleged that their First Amendment free speech rights were violated when city

police moved their counter-protest to a gay pride festival from a permitted area to an adjacent sidewalk. *See McGlone v. Metropolitan Government of Nashville,* 749 Fed.Appx. 402 (2018) There, the court recognized that Public Square Park is a traditional public forum and that content discrimination in such forums raises serious First Amendment concerns. *Id.*

Here, the incident at the academic achievement banquet involved Principal Finley and Superintendent Hebrard allegedly forcing the Plaintiff, his son, and his elderly mother to leave a public event at Defendant Civic Center, a public county-owned venue. ECF [1] at ¶¶ 2, 7, 25-29; 31-35. For purposes of § 1983 liability, a county official who is the final policymaker over a county facility can create liability for the county. *See Wright v. Fentress County, Tennessee.,* 313 F.Supp.3d 886 (M.D. TN 2018). County officials had some control over, or responsibility for, events held at their facility, creating a basis for county liability separate from the school system's actions. ECF [1] at ¶¶ 2,7.

In *Wright,* the court specifically noted that under Tennessee law, when a county official has charge and custody of a county facility, that official is generally accepted as the final policymaker over the operation of that facility, potentially creating a basis for county liability. *Id.* In the present case, as in *Wright*, the Defendant County is liable for the incident involving Plaintiff and his family being removed from a public event, occurred at its facility, for which it has control and responsibility for.  Moreover, in denying a motion to remove official-capacity defendants in an action against county officials under § 1983, this Court has recognized that a nonprofit organization had legal grounds to assert claims based on actions taken at a county facility and pursuant to county officials' directions. *See Just City, Inc. v. Bonner.,* 758 F.Supp.3d 785 (W.D. TN 2024).

8

Here, as in *Just City, Inc,* county facilities and officials are involved in alleged constitutional violations. ECF [1] at ¶¶ 2, 7, 25-29; 31-35. Therefore, claims against Defendant County may proceed even without detailed policy allegations at the pleading stage. Indeed, the Sixth Circuit has held that officers were not entitled to qualified immunity for removing an anti-abortion protester from a public park and sidewalk based on the content of his speech, because the right to engage freely in speech in quintessential public forums was clearly established. *See Logsdon v. Hains*, 492 F.3d 334 (2007). Moreover, Sixth Circuit authority dating back at least to *Parks* (2005) and *Bays* (2012) clearly established that officers cannot lawfully remove someone from a traditional public forum based on the content of their protected speech, and as such are not entitled to qualified immunity for such actions. *Id.* Hence, Defendant County is liable to Plaintiff for its actions or inactions, as well as based on the fact that the incident took place at its facility, Defendant Civic Center. Accordingly, Defendants' Motion to Dismiss Plaintiff's claims on this ground must be denied.

### III.  § 1981 CLAIMS AGAINST GOVERNMENTAL ENTITIES ARE CONSTRUED AS § 1983 CLAIMS.

While § 1983 is generally the vehicle for bringing 42 U.S.C. § 1981 "§ 1981") claims against governmental entities, the Plaintiff's complaint should be construed liberally as a § 1983 claim and not be dismissed. Defendant argues that § 1983 constitutes the exclusive federal remedy for violation of § 1981 rights by governmental entities. However, under § 1983 there are four ways that a plaintiff can establish an unlawful municipal policy or custom: (1) The municipality's legislative enactments or official agency policies; (2) Actions taken by officials with final decision-making authority; (3) A policy of inadequate training or supervision; or (4) A custom of tolerance or acquiescence of federal rights violations. *See Thomas v. City of Chattanooga,* 398 F.3d 426 (2005).

9

For claims proceeding under a "custom of tolerance" theory, the Sixth Circuit imposes a four-part requirement: the plaintiff must show (1) a clear and persistent pattern of misconduct, (2) notice or constructive notice on the part of the municipality, (3) the Defendants' tacit approval of the misconduct, and (4) a direct causal link to the violations. *See Weatherholt v. Crockett County School Board,* 797 F.Supp.3d 836 (2025).

Here, the Plaintiff's complaint contains allegations regarding race discrimination under both § 1983 and § 1981 ECF [1] at ¶¶1, 10, 46-58. Thus, the substance of the § 1981 allegations regarding race discrimination can be properly considered under the § 1983 claim that was also filed. *See Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan,* 87 F.4th 743, 754 (6th Cir. 2023) ("Thus, we evaluate ICC's § 1981 claims against the Township under the § 1983 framework"). In addition, the factual allegations supporting the § 1981 claim remain relevant to the § 1983 claim. ECF [1] at ¶¶1, 10, 46-58. Accordingly, rather than dismissal, just as in *Inner City Contracting, LLC*, the Plaintiff's § 1981 claims against Defendants should be considered under the framework for claims under § 1983 and preserved rather than dismissed. *See Bryant v. City of Memphis*, 644 F. App'x 381, 384 (6th Cir. 2016) (holding that the district court properly recast Bryant's complaint as a 42 U.S.C.§ 1983 complaint); *See also Townes v. City of Memphis.*, (W.D. TN 2025) (finding that in the Sixth Circuit some courts construe the § 1981 claims against governmental entities as claims under § 1983).  Accordingly, Defendants' Motion to Dismiss Plaintiff's claims on this ground must be denied.

IV.    **THE COMPLAINT CONTAINS SUFFICIENT FACTUAL ALLEGATIONS TO STATE PLAUSIBLE CLAIMS AGAINST DEFENDANT CARROLL COUNTY BASED ON THE SPECIFIC INCIDENT AT THE DEFENDANT CARROLL COUNTY CIVIC CENTER**

The Plaintiff's Complaint alleges sufficient factual allegations to state plausible claims against Defendant Carroll County based on the specific incident at the Carroll County

10

Civic Center. Defendant argues that Plaintiff fails to plead sufficient facts to state a plausible claim against Carroll County.

However, at the motion to dismiss stage, every § 1983 claim, regardless of theory, must plausibly allege two threshold elements: (1) the deprivation of a right secured by the Constitution or federal law, and (2) that the deprivation was caused by a person acting under color of state law *See Ellison v. Garbarino*, 48 F.3d 192 (1995); *Kovalchuk v. City of Decherd, Tennessee*, 95 F.4th 1035 (2024).

Here, the complaint does contain sufficient factual allegations to state plausible claims against Carroll County. The Complaint contains specific facts regarding the County's allowance of the removal of the Plaintiff and his family from the Defendant Civic Center. ECF [1] at ¶¶ 25-28, 31-34. The specific incident on April 28, 2025, at the Carroll County Civic Center provides a concrete factual basis for the claims. The forced removal of Plaintiff, his son, and his elderly mother from a public event at a county facility constitutes a specific allegation against Defendant County. The complaint plausibly alleges that, through its deliberate conduct, Defendant County was the "moving force" behind the Plaintiff's injury *See Kovalchuk v. City of Decherd, Tennessee,* 95 F.4th 1035 (2024). The complaint need not articulate every detail of the Defendant County's policies at the pleading stage, as discovery will allow for further development of these facts. Courts within the Sixth Circuit have specifically rejected attempts to import summary judgment standards (such as a "substantial showing" requirement) into the Rule 12 context. *See Wesley v. Campbell*, 779 F.3d 421 (2015).

Instead, at the motion to dismiss stage, it is sufficient for a plaintiff to plausibly allege an unlawful policy or custom and a direct causal link to the harm. *See Milby v. Underwood*, 713 F.Supp.3d 383 (2024). The Defendant County's ownership and operation of the venue where the

discriminatory expulsion allegedly occurred and its allowance thereof, creates a sufficient nexus between the Defendant County and the constitutional violations claimed. Accordingly, Defendants' Motion to Dismiss Plaintiff's claims on this ground must be denied.

**V.    AT THE PLEADING STAGE, PLAINTIFF HAS ALLEGED SUFFICIENT FACTS SUGGESTING A CONNECTION BETWEEN MUNICIPAL POLICY AND THE ALLEGED VIOLATION, PARTICULARLY GIVEN COUNTY FACILITIES WERE INVOLVED IN THE INCIDENT**

While *Monell* does require a connection between municipal policy and the alleged violation, at the pleading stage, Plaintiff need only allege facts suggesting such a connection exists. Defendant argues that Carroll County cannot be held liable under 42 U.S.C. § 1983 based on respondeat superior.

However, in *Just City, Inc. v. Bonner*, the court denied a motion to remove official-capacity defendants, finding the organization had adequately alleged that judicial commissioners used new bail forms that did not reference ability to pay, drafted at a county judge's direction, and that the sheriff enforced these allegedly unconstitutional orders. 758 F.Supp.3d 785 (W.D. TN 2024). Furthermore, failure to adequately train or supervise officers can rise to the level of a de facto unconstitutional policy or custom under Section 1983 if a plaintiff shows inadequate training, deliberate indifference, and causation. *See Harris v. City of Saginaw, Michigan*, 62 F.4th 1028 (2023); *see also Chrestman as Next Friend to Wooden v. Metropolitan Government of Nashville and Davidson County, Tennessee,* 156 F.4th 694 (2025). (Holding that a plaintiff sufficiently alleged officers violated constitutional rights, those rights were clearly established at the time of violation, and that a Section 1983 *Monell* liability claim against the metropolitan government was properly stated.)

Here, the complaint alleges that county officials, including the Sheriff and/or Mayor, were involved in or aware of the decision to remove Plaintiff's family from the civic center

12

event. ECF [1] at ¶ 77. Thus, Defendant County and Defendant Civic Center remain liable under

Section 1983 for Plaintiff and his family being removed from a public event at Defendant Civic

Center. *See Paterek v. Village of Armada, Michigan*, 801 F.3d 630 (2015) ("holding that under

*Monell*, municipalities can be held liable for constitutional violations even when the violation

stems from a single incident, provided the constitutional deprivation is established."). Moreover,

the Complaint alleges that the incident occurred at a county facility during a public event. ECF

[1] at ¶¶ 25-29; 31-35. These allegations plausibly implicate county involvement in, or oversight

of, the decision to expel Plaintiff and his family, in violation of Plaintiff's and his family's

constitutional rights. ECF [1] at ¶¶ 25-29; 31-35; 46-70, 73. Accordingly, Plaintiff's allegations

connect county officials to constitutional violations. Therefore, under Sixth Circuit precent,

Plaintiff's Complaint should survive dismissal at the pleadings stage. *See Gambrel v. Knox*

*County, Kentucky*, 25 F.4th 391 (2022).

Furthermore, the Plaintiff's Complaint alleges school officials were permitted to exclude

citizens from a county facility based on discriminatory grounds. ECF [1] at ¶¶ 1, 25-29; 31-35,

47. These allegations are sufficient to demonstrate Defendant County and Defendant Civic

Center's liability under *Monell*, based on the removal of Plaintiff and his family members from a

public event in a public facility that is owned and/or operated by and controlled by Defendant

County and Civic Center. *See Cocchini v. City of Franklin*, Tennessee, 785 F.Supp.3d 273

(2025) (Denying summary judgment to the city on *Monell* liability and the officer qualified

immunity in a § 1983 action brought by festival attendees who were removed and arrested for

expressing religious views at a pride festival in a public park). Also, the Plaintiff's Complaint

alleges post-incident ratification of the exclusion by the County's Sheriff or County Mayor, as

policymakers that further demonstrates that the unconstitutional practice reflects official

13

municipal policy. ECF [1] at ¶¶ 25-29; 31-35; 77. Based on the Plaintiff's allegations in the Complaint the Defendant County and Defendant Civic Center officials failed to prevent the exclusion of the Plaintiff and his family in violation of their constitutional rights. In addition, the Plaintiff and his family were inexplicably expelled from a public event in a county facility. Thus, the Plaintiff's allegations are sufficient to demonstrate either deliberate indifference or improper training or supervision by Defendant County and Defendant Civic Center, that resulted in the plaintiff's injury. Therefore, the Plaintiff's Complaint plausibly establishes municipal liability on the part of Defendant County and Defendant Civic Center under Section 1983 based on failure to train or supervise. *See Sears v. Bradley County Government*, 821 F.Supp.2d 987 (2011) (Holding, that plaintiffs can establish the required policy or custom through official policies or unofficial customs of inadequate training or supervision). Accordingly, Defendants' Motion to Dismiss Plaintiff's claims on this ground must be denied.

## VI. THE COMPLAINT CONTAINS SUFFICIENT ALLEGATIONS TO SUPPORT A § 2000D CLAIM AGAINST CARROLL COUNTY BASED ON THE SPECIFIC INCIDENT AT THE CARROLL COUNTY CIVIC CENTER

The complaint contains sufficient allegations to support a § 2000d claim against. Defendant County argues that Plaintiff brings a 42 U.S.C. § 2000d claim but asserts no facts to show that Carroll County discriminated against Plaintiff based on race, color, or national origin.

Under § 2000d, proof of discriminatory intent is critical to sustain a claim. The court held that where a decision maker is motivated by factors other than the excluded party's race, there can be no intentional discrimination. The case demonstrates that Gonzalez's complaint must contain facts suggesting that race, color, or national origin was a motivating factor in Carroll County's decision to force him and his family to leave the academic achievement banquet at the County Civic Center. *See Buchanan v. City of Bolivar, Tenn..*, 99 F.3d 1352 (6th Cir. 1996); *see*

14

*also Wamer v. University of Toledo*, 27 F.4th 461 (2022), (The Sixth Circuit reversed dismissal

of a Title IX claim, holding the plaintiff stated a plausible deliberate indifference claim. The

plaintiff alleged that after the university was notified of instructor sexual harassment, it

prematurely closed its investigation after three weeks without taking any measures against the

harasser, and the plaintiff's resulting fear led to switching majors and enrolling in online classes

to avoid her harasser).

*See also S.C. v. Metropolitan Government of Nashville,* 86 F.4th 707 (2023) (Holding a

school district liable under Title IX for deliberate indifference to student-on-student threats and

harassment made after the plaintiff reported a nonconsensual sexual encounter. The district's

failure to act on post-report threats made against the student and her family constituted "We ask

not whether the school's efforts were ineffective but whether they amounted to 'an official

decision ... not to remedy the violation.'"); *See Almendares v. Palmer,* 284 F.Supp.2d 799 (2003).

(Denying a motion for judgment on the pleadings, finding that plaintiffs stated a Title VI

intentional discrimination claim. Plaintiffs alleged that defendant agencies maintained an

English-only communications policy despite having knowledge through prior litigation, consent

decrees, and their director's testimony that they had an obligation to provide Spanish-language

services to food stamp recipients).

To prevail on a Title VI racial discrimination claim, after establishing that the program

receives federal financial assistance, a plaintiff must show the defendant intended to discriminate

on the basis of race and that race was a determining factor in the exclusion. Defendant argues

that for Gonzalez's § 2000d claim to survive, his complaint must allege that the Carroll County

Civic Center receives federal funding and that his exclusion from the banquet was motivated by

15

racial discrimination. *See Welch v. United Network for Organ Sharing.*, 767 F.Supp.3d 746 (M.D. TN 2025).

Here, the Complaint alleges that the Plaintiff and his family's removal occurred at a county facility during a public event that receives federal funding providing a basis for the § 2000d claim against the Defendant County. ECF [1] at ¶¶ 39-40. Thus, the Complaint sufficiently alleges discriminatory conduct by a recipient of federal financial assistance. *See Welch v. United Network for Organ Sharing.*, 767 F.Supp.3d 746 (M.D. TN 2025). In addition, the Complaint alleges that Plaintiff, his son, and his elderly mother were forced to leave an academic achievement banquet at the Carroll County Civic Center ECF [1] at ¶¶25-29; 31-35.

The complaint contains details about Plaintiff's race, color, or national origin and alleges differential treatment based on these protected characteristics. ECF [1] at ¶¶ 38, 47. Specifically the Complaint alleges that Plaintiff and his family are members of a protected racial, class, Latino American. ECF [1] at ¶ 47. Thus, Gonzalez's complaint sufficiently alleges facts showing Carroll County discriminated against him based on race, color, or national origin at the academic achievement banquet. Plaintiff's complaint alleges that he belongs to an identifiable class of persons subject to discrimination based on race and that the defendant intended to discriminate on the basis of race. Thus, Gonzalez's complaint sufficiently alleges facts showing Defendant County and Defendant Civic Center discriminated against him based on race, color, or national origin at the academic achievement banquet, sufficient to state a claim under § 2000d. *See Moniz v. Cox.*, 512 Fed.Appx. 495 (6th Cir. 2013). Also, the specific incident of Plaintiff, his children and his elderly mother being forced to leave an academic achievement banquet at the Carroll County Civic Center provides factual context for the discrimination claim. Thus, Gonzalez's complaint contains more than just potentially ambiguous statements to establish that Carroll

16

County's actions at the Civic Center were racially motivated. *See Paasewe v. Ohio Arts Council.,* 74 Fed.Appx. 505 (6th Cir. 2003).

Furthermore, in *Williams v. Richland County Children Services.,* allegations by an African-American facility owner that a county agency's executive director made decisions on the basis of the owner's race were sufficient to state a claim for racially discriminatory impairment. 489 Fed.Appx. 848 (6th Cir. 2012). The court found adequate the plaintiff's assertion that the incident represented a pattern of behavior that discredited the facility's competency. *Id.* Because Gonzalez's complaint contains allegations that Carroll County officials' actions at the Civic Center were based on his race and part of a pattern, sufficient to survive dismissal. Accordingly, Defendants' Motion to Dismiss Plaintiff's claims on this ground must be denied.

**VII.    THE COMPLAINT CONTAINS FACTUAL ALLEGATIONS THAT COULD SUPPORT A NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM BASED ON THE FORCED REMOVAL OF PLAINTIFF, HIS SON, AND ELDERLY MOTHER FROM A PUBLIC ACADEMIC EVENT AT THE CARROLL COUNTY CIVIC CENTER**

Plaintiff's complaint contains factual allegations that could support a negligent infliction of emotional distress claim based on the forced removal of plaintiff, his son, and elderly mother from a public academic event at the Carroll County Civic Center. Defendant argues that, Plaintiff's negligent infliction of emotional distress claim under Tennessee law should be dismissed because Plaintiff asserts no facts to support a conclusion that any Carroll County official acted negligently.

The three essential requirements for proving a negligent infliction of emotional distress claim under Tennessee law: (1) satisfying the five elements of ordinary negligence: duty, breach of duty, injury or loss, causation in fact, and proximate or legal cause; (2) establishing a serious or severe emotional injury; and (3) supporting the serious or severe injury claim with expert

17

medical or scientific proof. *See Wells v. City of Memphis*., 806 F.Supp.3d 720 (W.D. TN 2025).

Here, the complaint alleges that the Defendant County and the Defendant Civic Center, allowed the forced removal of Plaintiff, his children, and his elderly mother from a public academic achievement event at the Carroll County Civic Center. ECF [1] at ¶¶ 25-29. This represents conduct that a reasonable person could find negligent and emotionally distressing. *See Doe v. Univ. of S.,* 2011 WL 1258104 (E.D. Tenn. Mar. 31, 201 (Holding that a Tennessee NIED claim survived because it was a "parasitic" claim connected to other substantive claims resulting in physical and non-physical damages, negating the need to impose the standalone NIED pleading requirements).

In the present case, public removal of a family from an academic achievement event meets the threshold of outrageousness. Moreover, the Complaint alleges that county officials had a duty of care to citizens using county facilities, and the alleged public humiliation of the family constitutes a breach of that duty. ECF [1] at ¶¶ 72-73.  The Complaint further alleges that Plaintiff's children being forcibly removed from their own academic achievement celebration and Plaintiff's elderly mother, his children's grandmother being forced to leave a public venue, resulted in extreme emotional injury to Plaintiff. ECF [1] at ¶¶ 74-75. The emotional impact on both the Plaintiff's children being removed from their own academic achievement celebration and Plaintiff's mother, an elderly woman being forced to leave a public venue provides a basis for the emotional distress claim. *See Maldonado v. Nat'l Acme Co.*, 73 F.3d 642 (6th Cir. 1996) (Holding that Michigan NIED claims arising from a workplace accident could proceed to the jury because the plaintiff alleged both bystander and direct victim theories and disputes about causation of physical injury are typically for the jury to resolve); *see also Austin v. Alexander*, 439 F. Supp. 3d 1019, 1025–26 (M.D. Tenn. 2020) (Holding that Tennessee NIED claim

18

survived motion to dismiss where the court found that allegations of physical abuse by a supervisor's son could support a state law cause of action not preempted by Title VII or the THRA, and the court declined to dismiss without the benefit of discovery and a more substantial factual record. Accordingly, Defendants' Motion to Dismiss Plaintiff's claims on this ground must be denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants CARROLL COUNTY's and CARROLL COUNTY CIVIC CENTER's Motion to Dismiss in its entirety.

Respectfully submitted,

April 29, 2026

**/s/Brian K. Leonard**
Brian K. Leonard, Esq., LL.M, M.P.S., Admitted
to U.S. Tax Court, N.C. DRC Certified Mediator
B.K. Leonard Law Firm
11010 Lake Grove Blvd., Unit 100-425
Morrisville, NC 27560
Telephone: (984) 212-7737
Facsimile: (919) 578-8757
bleonard@civilrightsappellatelawyer.com
brn_leonard@yahoo.com
TBPR No. 025522
Attorney for Plaintiff

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
No. 1:26-cv-02199-STA-jay

|  |  |  |
|---|---|---|
| ERIC D. GONZALEZ, | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| HOLLOW ROCK-BRUCETON, SPECIAL | ) | |
| SCHOOL DISTRICT, DR. MYLES | ) | |
| HEBRARD, in his official capacity as | ) | |
| SUPERINTENDENT, HOLLOW ROCK- | ) | |
| BRUCETON, SPECIAL SCHOOL | ) | |
| DISTRICT, CHRISTOPHER FINLEY, | ) | |
| in his official capacity as PRINCIPAL, | ) | |
| CENTRAL ELEMENTARYSCHOOL | ) | |
| CARROLL COUNTY CIVIC CENTER, | ) | |
| CARROLL COUNTY, TENNESSEE, | ) | |
| Defendant(s) | ) | |
| | ) | |

The undersigned counsel hereby certifies that on this date, a copy of the foregoing:

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CARROLL COUNTY**

**and CARROLL COUNTY CIVIC CENTER'S MOTION TO DISMISS** was electronically

filed with the Clerk of Court for the WDTN using the CM/ECF system, which should send

notification of such filing to the counsel for the parties listed below, who are believed to be

CM/ECF participants.

April 29, 2026.

> **/s/Brian K. Leonard**
> Brian K. Leonard, Esq., LL.M, M.P.S., Admitted
> to U.S. Tax Court, N.C. DRC Certified Mediator
> B.K. Leonard Law Firm
> 11010 Lake Grove Blvd., Unit 100-425
> Morrisville, NC 27560
> Telephone: (984) 212-7737
> Facsimile: (919) 578-8757
> bleonard@civilrightsappellatelawyer.com
> brn_leonard@yahoo.com

20

TBPR No. <u>025522</u>
Attorney for Plaintiff

**SERVED ON:**
Nathan D. Tilly
PENTECOST, GLENN & TILLY, PLLC
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
(731) 668-5995 – Telephone
(731) 668-7163 – Facsimile
ntilly@pgtfirm.com
*Attorney for Defendants, Carroll County,*
*Tennessee and Carroll County Civic Center*

Christopher C. Hayden
SELLERS, CRAIG, & HAYDEN
45 Murray Guard Drive
Jackson, Tennessee 38305
Chris@SCHofCounsel.com
*Attorneys for Defendants Hollow Rock-Bruceton Special School District, Superintendent Dr.*
*Myles Hebrard, and Principal Christopher Finley*

21