IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC D. GONZALEZ., | ) | |
| | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. <u>1:26-cv-02199-STA-jay</u> |
| | ) | |
| HOLLOW ROCK-BRUCETON, SPECIAL | ) | |
| SCHOOL DISTRICT, DR. MYLES HEBRARD, | ) | |
| in his official capacity as SUPERINTENDENT, | ) | |
| HOLLOW ROCK-BRUCETON, SPECIAL | ) | |
| SCHOOL DISTRICT, CHRISTOPHER FINLEY, | ) | |
| in his official capacity as PRINCIPAL, | ) | |
| CENTRAL ELEMENTARYSCHOOL | ) | |
| CARROLL COUNTY CIVIC CENTER, | ) | |
| CARROLL COUNTY, TENNESSEE, | ) | |
| | ) | |
|    *Defendants*. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants "Carroll County Civic Center" and Carroll County, Tennessee ("Defendants"),

by and through undersigned counsel, file this reply to Plaintiff's response to Defendants' motion

to dismiss.

**ARGUMENT**

I.   PLAINTIFF FAILED TO ESTABLISH THAT "CARROLL COUNTY CIVIC CENTER" IS A SUABLE
ENTITY.

Plaintiff argues that "Carroll County Civic Center" is a public facility that can be sued. But

it is well-settled that a building is not a "person" that can be sued under 42 U.S.C. § 1983, and the

cases Plaintiff cites do not demonstrate anything to the contrary. *See e.g., Bays v. City of Fairborn*,

668 F.3d 814 (6th Cir. 2012) (Suit brought against city regarding restriction of speech at a festival,

*not* against the community park where it occurred); *Parks v. City of Columbus*, 395 F.3d 643 (6th Cir. 2005) (Suit brought against city regarding restriction of speech at arts festival, *not* against the location of the festival); *Reeners v. Jouvence*, 2026 U.S. Dist. LEXIS 22067 (M.D. Tenn. Feb. 3, 2026) (Suit brought against individuals, including a city councilman). Because "Carroll County Civic Center" is not a suable entity, Plaintiff's claims against "Carroll County Civic Center" must be dismissed.

II.   PLAINTIFF FAILED TO ALLEGE ANY FACTUAL ALLEGATIONS TO ESTABLISH A VIABLE CLAIM AGAINST CARROLL COUNTY.

Plaintiff argues that Carroll County is liable because the alleged unlawful actions occurred on county property. But Plaintiff failed to identify any case law to support his position. Instead, Plaintiff cited to cases that have no bearing here. For example, Plaintiff cited a case involving a county commissioner sued for his individual actions. *MacIntosh v. Clous*, 69 F.4th 309, 314 (6th Cir. 2023). And he cited another case involving a city sued based on an officer's removal of preachers/protestors from a public sidewalk. *McGlone v. Metro. Gov't of Nashville & Davidson Cty.*, 749 F. App'x 402, 404 (6th Cir. 2018). Such cases are clearly distinct from the current matter because they concerned actions by governmental employees and/or directives of the governmental entities. Here, the only alleged actions taken were taken by employees of Hollow Rock–Bruceton – a school entity separate from Carroll County. And to the extent that Plaintiff argues "County officials" had control over the facility, Plaintiff did not actually specify who those County officials were, what actions or inactions they were responsible for, how those actions or inactions violated his constitutional rights, or more importantly, how any county official possesses any authority over Rock-Bruceton officials. Such a barebones assertion is not enough to state a claim against Carroll County.

Plaintiff also argues he has stated a viable claim under 42 U.S.C. § 2000d, because the county facility allegedly receives federal funding and because Plaintiff is a member of a protected racial class. (ECF No. 14, PageID# 78). But Plaintiff's unsupported assertions that he was discriminated against because of his race, color, or national origin, without specifying how he was discriminated against, or how *Carroll County* was involved in the alleged discriminatory conduct remain insufficient to state a claim against Carroll County.

Finally, as it relates to Plaintiff's claim for negligent infliction of emotion distress, he claims that the County "allowed the forced removal of Plaintiff," but fails to recognize that his Complaint does not contain any factual allegations to establish that a Carrol County official actually acted negligently whatsoever. In fact, his Complaint is devoid of any facts to demonstrate a Carroll County official *even knew* about the alleged "forced removal."

III.    PLAINTIFF CANNOT INTRODUCE NEW EVIDENCE IN HIS RESPONSE TO A MOTION TO DISMISS.

A plaintiff may not introduce new allegations in an opposition brief that were not originally contained in the complaint or operative amended complaint. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). The Sixth Circuit has firmly rejected attempts for plaintiffs to "bolster their complaint with new allegations in a response to a motion to dismiss." *Cotterman v. City of Cincinnati*, 2023 U.S. App. LEXIS 28781, at *11 (6th Cir. Oct. 30, 2023). And courts may not rely upon such information when ruling on a motion to dismiss. *Id*.

Plaintiff argues that "the Sheriff and/or Mayor[] were involved in or aware of the decision to remove Plaintiff's family from the civic center event." (ECF No. 14, PageID# 74-75). But said conclusory allegation is absent in his Complaint. Instead, Plaintiff alleged something even less descriptive – that the sheriff and/or mayor ratified Rock-Bruceton's alleged conduct. (ECF No. 1 ¶ 77). But such a conclusory allegation is insufficient to meet federal pleading standards as Plaintiff

asserts no facts to demonstrate that either the sheriff or mayor were actually involved in, aware of, or even present during Plaintiff's removal – let alone facts to demonstrate that Plaintiff's removal was actually unlawful or facts to demonstrate how the sheriff or mayor could act as ratifying supervisors of Rock-Bruceton.

## CONCLUSION

Based upon the foregoing and the entire record in this cause, Plaintiff's claims against Defendants "Carroll County Civic Center" and Carroll County, Tennessee, should be dismissed in their entirety.

Respectfully submitted,

PENTECOST, GLENN & TILLY, PLLC

By:    s/Nathan D. Tilly
Nathan D. Tilly (#031318)
*Attorney for Defendants, Carroll County, Tennessee and Carroll County Civic Center*
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
(731) 668-5995 – Telephone
(731) 668-7163 – Facsimile
ntilly@pgtfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Reply Brief

was served via US District Court ECF system and/or U.S. Mail postage prepaid upon:

Brian K. Leonard
B.K. Leonard Law Firm
11010 Lake Grove Blvd.
Suite 100-425
Morrisville, NC  27560


DATE:   On this the 11th day of May, 2026.

PENTECOST, GLENN & TILLY, PLLC

By:   s/Nathan D. Tilly
      Nathan D. Tilly