**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| **ERIC D. GONZALEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 1:26-cv-02199-STA-jay** |
| | ) | |
| **HOLLOW ROCK-BRUCETON, SPECIAL** | ) | |
| **SCHOOL DISTRICT;** | ) | |
| **DR. MYLES HEBRARD, in his official** | ) | |
| **capacity as SUPERINTENDENT, HOLLOW** | ) | |
| **ROCK-BRUCETON, SPECIAL SCHOOL** | ) | |
| **DISTRICT; CHRISTOPHER FINLEY,** | ) | |
| **in his official capacity as PRINCIPAL,** | ) | |
| **CENTRAL ELEMENTARYSCHOOL;** | ) | |
| **CARROLL COUNTY CIVIC CENTER; and** | ) | |
| **CARROLL COUNTY, TENNESSEE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

---

Before the Court is Defendants Carroll County Civic Center and Carroll County, Tennessee's Motion to Dismiss (ECF No. 13). Defendants seek the dismissal of the Complaint's civil rights claims against them. Plaintiff Eric D. Gonzalez has responded in opposition, and Defendants have filed a reply brief. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

Plaintiff Eric D. Gonzalez filed his Complaint (ECF No. 1) on February 25, 2026. For purposes of deciding the Motion to Dismiss, the Court accepts the following well pleaded factual allegations of the Complaint as true. Plaintiff's son, A.G., was a student at Central Elementary School, a school within the Hollow Rock-Bruceton Special School District ("the School District") in Carroll County, Tennessee. On April 28, 2025, A.G. was shoved by another student while in the

1

gymnasium at the school. Compl. ¶ 12. The other student told A.G. it was "[his] fault for being there." *Id*. ¶ 13. The other student then picked up a football and threw it at A.G.'s face. *Id*. ¶ 14. A.G. "took action to defend himself" after the student threw the football at him. *Id*. ¶ 15. Defendant Principal Christopher Finley subsequently called Plaintiff to the school and asked him to sign a disciplinary action form requiring A.G. to attend five days of "alternative school." *Id*. ¶¶ 16–17. When Plaintiff refused to sign the form, Principal Finley asked A.G. to leave the school. *Id.* ¶¶ 18–19.

Later, on the evening of April 28, 2025, the School District hosted an event at the Carroll County Civic Center to recognize students for their academic achievements during the school year. *Id*. ¶ 21. Plaintiff's minor children, A.G. and J.G., were among the honorees. *Id*. ¶ 22. Plaintiff, his children, and Plaintiff's 92-year-old mother all attended. At some point, Principal Finley approached Plaintiff and asked him to leave the event. *Id*. ¶¶ 25–27. According to the Complaint, Superintendent Dr. Myles Hebrard also addressed Plaintiff, saying, "if you want action, we can give you action, otherwise leave now." *Id*. ¶ 28. The interaction caused Plaintiff's mother to become frightened. *Id*. ¶ 29. At that point Principal Finley and Superintendent Hebrard escorted Plaintiff and his family out of the event. *Id*. ¶ 32.

From these factual premises, Plaintiff alleges the following causes of action: unlawful discrimination in federally assisted programs in violation of 42 U.S.C. § 2000d (Count One); the violation of Plaintiff's equal rights under the law in violation of 42 U.S.C. § 1981 (Count Two); the violation of Plaintiff's constitutional rights in violation of 42 U.S.C. § 1983 (Count Three); the violation of Plaintiff's rights under the Fourteenth Amendment's privileges and immunities clause (Count Four); the violation of Plaintiff's rights under the First Amendment (Count Five); and negligent infliction of emotional distress (Count Six). The Complaint names only Eric D. Gonzalez

as a Plaintiff and the following parties as Defendants: the Hollow Rock-Bruceton Special School District, Superintendent Dr. Myles Hebrard (in his official capacity), Principal Finely (in his official capacity), the Carroll County Civic Center, and Carroll County, Tennessee.

In their Motion to Dismiss, the Carroll County Civic Center ("the Civic Center") and Carroll County argue that the Complaint fails to state all of its claims for relief against them. The Civic Center first argues that as a county facility or building, the Civic Center is not an entity amenable to suit. The Complaint does not allege any action taken by the Civic Center or its employees. The Court should therefore dismiss the Civic Center as a party altogether. Carroll County next argues that the Complaint alleges no facts against the County itself. Plaintiff makes no allegations to show that any county official or employee was involved in any way in the alleged violation of Plaintiff's rights. While it is true Plaintiff alleges the actions of School District staff, the School District is legally distinct from the County.

Even if the Court finds that either Defendant is properly named, the Complaint fails to state its claims against either. Plaintiff has no independent claim under 42 U.S.C. § 1981 against a governmental entity, only a cause of action under 42 U.S.C. § 1983. The Court should dismiss the § 1981 claims against both Defendants. The balance of the Complaint's allegations fails to distinguish which Defendant should be liable for what conduct and why. There is no allegation that any county official or employee should be liable to Plaintiff. Carroll County cannot be liable simply for the actions of its employees. Plaintiff can only hold the County liable by showing that a county policy or custom was the moving force behind the alleged violation of Plaintiff's rights. For all of these reasons, Defendants argue that the Court should dismiss Plaintiff's claims against them for failure to state a claim.

**STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all the well–pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Elec. Merchant Sys. LLC v. Gaal*, 58 F.4th 877, 882 (6th Cir. 2023) (citing *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019)).  However, legal conclusions or unwarranted factual inferences need not be accepted as true. *Fisher v. Perron*, 30 F.4th 289, 294 (6th Cir. 2022) (citing *Iqbal*, 556 U.S. at 678).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "(1) a short and plain jurisdictional statement, (2) a short and plain statement of the claim, and (3) an explanation of the relief sought." Fed. R. Civ. P. 8(a).  "That's it. By listing these elements, Rule 8 implicitly 'excludes other requirements that must be satisfied for a complaint to state a claim for relief.'" *Gallivan v. United States*, 943 F.3d 291, 293 (6th Cir. 2019) (citing Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 10, at 107 (2012) (other citation omitted).  Rule 8's notice pleading standard does not require "detailed factual allegations." *Iqbal*, 556 U.S. at 681.

But Rule 8 does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* "Although the rule encourages brevity," a plaintiff must nevertheless "say enough to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) (citing *Dura Pharm. v. Broudo*, 544 U.S. 336, 346, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)).  "Rule 8 does not empower [a plaintiff] to plead the bare elements

4

of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Iqbal*, 556 U.S. at 687. In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This means, a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Smith v. Gen. Motors LLC*, 988 F.3d 873, 877 (6th Cir. 2021) (citing *Boland v. Holder*, 682 F.3d 531, 534 (6th Cir. 2012)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020) ("A complaint must contain enough 'factual matter' to raise a 'plausible' inference of wrongdoing.") (quotation omitted).

## ANALYSIS

### I. Claims Against Carroll County Civic Center

Defendants first argue that dismissal of any claim against the Civic Center is warranted because the Complaint alleges no facts to show how the Civic Center itself caused Plaintiff's injuries. A county or municipal building or facility is not a "person" for purposes of § 1983 and is otherwise not an entity capable of being sued under § 1983. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (noting that "the Shelby County Jail is not an entity subject to suit under § 1983"). If anything, Plaintiff has merely alleged that school officials violated his rights while the parties were physically present on county property. That does

not mean Plaintiff has a claim against the Civic Center itself. As the Complaint alleges, the Civic

Center is public property owned by Carroll County. Plaintiff can only sue Carroll County, not one

of the County's facilities or buildings.

Just as the Court would construe a claim against a county jail as a claim against the county

itself, the Court will construe Plaintiff's claims against the Civic Center as claims against Carroll

County itself. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (recognizing that police

department is not an entity capable of being sued under § 1983). Therefore, Defendants' Motion

to Dismiss Plaintiff's claims against the Civic Center is **GRANTED**.

## II. Claims Against Carroll County

Defendants argue that the Complaint lacks any factual content to show why Carroll County

is liable to Plaintiff on any of his claims under federal law or his claim under Tennessee law for

the tort of the negligent infliction of emotional distress. Defendants' point actually goes to

Plaintiff's standing to bring suit against the County. *Roberts v. Progressive Preferred Ins. Co.*, 167

F.4th 955, 961–62 (6th Cir. 2026) (holding that to "establish standing at the pleading stage, a

plaintiff's complaint must show causation," that is, an "injury fairly traceable to the defendant's

allegedly unlawful conduct").

The Complaint alleges no facts to show that Carroll County or the Civic Center caused

Plaintiff's alleged injuries. Plaintiff alleges that employees of the School District confronted him

at the Civic Center during a school-sponsored event and asked him and his family to leave the

event. "Under Tennessee law, the school systems are separate from the county governments."

*Rollins v. Wilson Cnty. Gov't*, 154 F.3d 626, 630 (6th Cir. 1998). While it is true the school event

was being held on county property, Plaintiff alleges only the involvement of employees of the

School District, not Carroll County.

Plaintiff argues in his brief that the Civic Center "allowed [the] removal of" Plaintiff and his family members from the premises. Pl.'s Resp. in Opp'n 4 (ECF No. 14). That claim is not supported whatsoever in the pleadings. Nothing in the Complaint suggests the involvement of any Carroll County employee (or an employee of the Civic Center itself), other than the fact that Plaintiff allegedly had his rights were violated by school officials on the premises of the Civic Center. Plaintiff has not alleged how Carroll County is in any way liable for the actions of the School District's employees during a school-sponsored event.[1] Without an allegation to show that Carroll County caused Plaintiff's injuries, Plaintiff lacks standing the sue the County. Therefore, Defendant's Motion to Dismiss Plaintiff's claims against Carroll County is **GRANTED**.

In the alternative, Plaintiff's Complaint fails to state a plausible cause of action against Carroll County. The same lack of factual detail about the County's involvement, either by action or inaction, in causing Plaintiff's injuries also dooms each of his claims for relief. First, the Complaint seeks to hold the County liable under 42 U.S.C. §2000d.  Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, states, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Congress enacted Title VI to "halt federal funding of entities that violate a prohibition of racial discrimination similar to that of the Constitution." *Regents of the Univ. of Cal. v. Bakke*, 438 U.S. 265, 284, 98 S.Ct. 2733, 57 L.Ed.2d 750 (1978). In the absence of any allegation

---

[1] Plaintiff argues in his brief that "County officials had some control over, or responsibility for, events held at their facility, creating a basis for county liability separate from the school system's actions." Pl.'s Resp. in Opp'n 8. That contention might apply, for example, when an invitee brings suit for injury on the premises caused by some condition in the physical space itself. However, the Complaint contains no facts to support the general proposition that some unnamed Carroll County official controlled a school-sponsored event held on Carroll County property.

to show how Carroll County discriminated against Plaintiff, however, the Complaint fails to state a plausible § 2000d claim against the County.

The Complaint also alleges that Carroll County is liable for the violation of Plaintiff's civil rights under 42 U.S.C. § 1981. However, the Sixth Circuit has concluded that "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." *Arendale v. City of Memphis*, 519 F.3d 587, 598–99 (6th Cir. 2008) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)); *see also Inner City Contracting, LLC v. Charter Twp. of Northville, Mich.*, 87 F.4th 743, 754 (6th Cir. 2023) ("[A]gainst government entities, § 1981 claims must be made through § 1983."). Carroll County is obviously a state governmental entity. Plaintiff has therefore failed to state a valid § 1981 claim against Carroll County.

Likewise, the Complaint fails to state plausible § 1983 claims against Carroll County.[2] In order to state a § 1983 claim against the County, Plaintiff must prove a direct causal link between the deprivation of a constitutional right and some county policy or custom. *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691–92, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding that local government "cannot be held liable solely because it employs a tortfeasor . . . on a *respondeat superior* theory"). This means Plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [his] particular injury was incurred due

---

[2] Plaintiff's separate claims for the violation of his First Amendment rights and rights under the Fourteenth Amendment privileges and immunities clause are also § 1983 claims. "Section 1983 is not the source of any substantive right," *Humes v. Gilless*, 154 F. Supp. 2d 1353, 1357 (W.D. Tenn. 2001), but creates a "species of tort liability" for the violation of rights guaranteed in the Constitution itself. *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 362 (2017) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976)). Plaintiff must show that a county policy or custom was the moving force behind the violation of his constitutional rights. The Complaint makes no such allegation.

to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

The problem is the Complaint contains no allegations to show how a Carroll County policy or custom was the moving force behind Plaintiff's constitutional injuries. Plaintiff makes the following blanket allegation:

> Defendant Caroll County is liable to Plaintiff by virtue of the ultimate decisionmaker [sic], as the Sheriff or County Mayor's ratification of their conduct and their failure to stop or remedy the conduct of removing Plaintiff and his family from a public event, or sufficiently discipline them for the same against the Plaintiff, or that Caroll County showed deliberate indifference to the conduct of removing Plaintiff and his family, based on prior instances of unconstitutional conduct, pursuant to *Miller v. Sanilac County*, 606 F.3d 240 (2010).

The Complaint includes the allegation as part of Plaintiff's negligent-infliction-of-emotional-distress claim, not his § 1983 claim. More importantly, Plaintiff has alleged no facts to support the allegation, including whether any person working under the direction of the Carroll County Sheriff or Carroll County Mayor was actually involved in the episode. That is not enough to state a § 1983 claim against the County.

Finally, Plaintiff would hold Carroll County liable for the negligent infliction of emotional distress. In order to prove a claim for this tort under Tennessee law, Plaintiff must prove (1) the five elements of ordinary negligence (duty, breach of duty, injury or loss, causation in fact, and proximate or legal cause) (2) establish a "serious" or "severe" emotional injury, and (3) support his serious or severe injury with expert medical or scientific proof. *Wells v. City of Memphis*, 806 F.Supp.3d 720, 736 (W.D. Tenn. 2025) (citing *Marla H. v. Knox Cnty.*, 361 S.W.3d 518, 529 (Tenn. Ct. App. 2011).

Plaintiff alleges without any differentiation that "Defendants had a duty to allow Plaintiff and his family to attend a public event, without interference, to the same extent as other patrons

9

who were outside of Plaintiff's protected class," and breached that duty. Compl. ¶¶ 72–73. Once again, the Complaint fails to allege how Carroll County breached any duty to Plaintiff. There are no facts in the pleading to show that an individual employed by the County or acting with the authority of the County was involved in any manner here. Therefore, Defendants' Motion to Dismiss is **GRANTED** for these independent reasons.

## CONCLUSION

Defendants' Motion to Dismiss is **GRANTED**. The Clerk of Court is **DIRECTED** to terminate Carroll County, Tennessee and the Carroll County Civic Center as parties to the action.

**IT IS SO ORDERED**.

**S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 2, 2026.

10